Francis A. SOPKO and Allison Lamb, Appellees

v.

John R. MURRAY, Appellant.

Superior Court of Pennsylvania.

Argued Feb. 26, 2008.

Filed April 29, 2008.

Kathleen A. Segmiller, Pittsburgh, for appellant.

David M. Landay, Pittsburgh, for appellees.

BEFORE: MUSMANNO, ORIE MELVIN and COLVILLE *, JJ.

OPINION BY ORIE MELVIN, J.:

¶ 1 Appellant, John Murray, appeals from the judgment entered following a

* Retired Senior Judge assigned to the Superior Court.

jury verdict and the trial court's award of delay damages to Appellees, Francis Sopko and Allison Lamb.[1] Upon review, we affirm.

¶ 2 The trial court accurately summarized the relevant facts and procedural history in this case as follows.

[Appellee], Francis A. Sopko, was severely injured when [Appellant's] vehicle crossed the roadway and struck his vehicle head-on. Mr. Sopko and his wife, Allison Lamb, initiated suit by filing a Praecipe for Writ of Summons on December 8, 2003. [Appellant] was served with original process on February 19, 2004. Various pleadings were filed and discovery was conducted. On September 28, 2005, [Appellant's] then counsel requested of Mr. Sopko medical authorizations to obtain diagnostic studies from Allegheny General Hospital and Dr. Anthony Watson. [Appellant] and his wife filed [for] bankruptcy in Arizona on October 13, 2005, which automatically stayed this case. Defense counsel sent a second request for medical authorizations on November 17, 2005. On November 21, 2005, [Appellees'] counsel acknowledged [Appellant's] bankruptcy and informed defense counsel that he would present a motion for relief from the automatic stay. * * * The Bankruptcy Court granted [Appellees'] Motion for Relief from the Automatic Stay on February 28, 2006. [Appellees] provided the requested medical authorizations on March 15, 2006. On September 7, 2006, the case was scheduled for trial on January 8, 2007. It was not until January 3, 2007, that [Appellant] made a written offer of settlement in the amount of $500,000. Trial commenced on January 8, 2007, as scheduled. On January 11, 2007, the jury returned a total verdict of $580,100—$515,100 for Mr. Sopko and $65,000 for his wife.

Trial Court Opinion, 5/31/07, at 1–2.

¶ 3 Appellees filed a motion for delay damages pursuant to Pa.R.C.P. 238, to which Appellant filed a response challenging the inclusion of two particular time periods in the delay damage calculation.[2] Specifically, Appellant contended that the period from September 28, 2005 to March 15, 2006 should be excluded due to Appellees' delay in seeking relief from the automatic bankruptcy stay[3] and in returning medical authorizations to Appellant's counsel. See Defendant's Response to Plaintiffs' Motion for Damages for Delay at ¶¶ 6, 9 (Certified Record (C.R.) at 35).

¶ 4 The trial court granted Appellees' motion and molded the verdict to include delay damages for the entire time period sought. Judgment was subsequently en-

---

**1.** Although Appellant purports to appeal from the order granting Appellees' motion for delay damages, the appeal properly lies from the judgment entered after the trial court molded the verdict. Since judgment was entered subsequent to the filing of the notice of appeal, this matter is properly before this Court, and we have amended the caption accordingly. See Pa.R.A.P. 905(a); K.H. v. J.R., 573 Pa. 481, 493, 826 A.2d 863, 871 (2003) (explaining that, "[u]nder our Appellate Rules, an appeal in a civil case in which post-trial motions are filed lies from the entry of judgment.") (citing Pa.R.A.P. 301); Fisher v.

Central Cab Co., 945 A.2d 215, 217 n. 1 (Pa.Super.2008) (stating that, "a final judgment entered during the pendency of an appeal is sufficient to perfect appellate jurisdiction.").

**2.** Another specific time period, January 4, 2007 through January 11, 2007, was excluded from the calculation and is not a subject of this appeal.

**3.** 11 U.S.C. § 362.

tered, and this timely appeal followed, wherein Appellant raises a single issue for our review: "Whether delay damages can be assessed pursuant to Pa.R.C.P. 238 against a bankrupt defendant during the period of time plaintiff fails to obtain relief from the automatic stay." Appellant's brief at 4.[4]

 ¶ 5 "Our standard of review in assessing whether a trial court erred in calculating delay damages is well-settled. We will not reverse a trial court's decision to impose delay damages absent an abuse of discretion." *Potochnick v. Perry*, 861 A.2d 277, 286 (Pa.Super.2004). Rule 238 provides in relevant part as follows.

### Rule 238. Damages for Delay in Actions for Bodily Injury, Death or Property Damage

(a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury ... and shall become part of the verdict, decision or award.

(2) Damages for delay shall be awarded for the period of time from a date one year after the date original process was first served in the action up to the date of the award, verdict or decision.

\* \* \* \*

(b)(1) The period of time for which damages for delay shall be calculated under subdivision (a)(2) shall exclude the period of time, if any,

(i) after the defendant made a written offer which complied with the requirements of subdivision (b)(2), provided that the plaintiff obtained a recovery which did not exceed the amount described in subdivision (b)(3), or

(ii) during which the plaintiff caused delay of the trial.

Pa.R.C.P. 238, 42 Pa.C.S.A. The purpose of Rule 238 "is to alleviate delay in the courts by providing an incentive and encouragement for defendants to settle meritorious claims as soon as reasonably possible." *Krebs v. United Refining Co. of Pennsylvania*, 893 A.2d 776, 794–95 (Pa.Super.2006). It is the defendant who bears the burden of proof when opposing the imposition of delay damages and may do so by establishing that (1) the requisite offer has been made or (2) the plaintiff was responsible for specified periods of delay. *Shay v. Flight C Helicopter Services, Inc.*, 822 A.2d 1, 20–21 (Pa.Super.2003).

¶ 6 Instantly, Appellant claims that Appellees were responsible for the delay between the date Appellant filed the bankruptcy petition, October 13, 2005, and the date Appellees provided an authorization to obtain Appellee/Husband's medical records. In other words, Appellant argues that Appellees' inaction in seeking relief from the automatic stay for approximately four months and in refusing to provide the medical authorizations caused a delay in trying this case. He relies on *Babich v. Pittsburgh & New England Trucking Co.*, 386 Pa.Super. 482, 563 A.2d 168 (1989), *Gunn v. Grossman*, 748 A.2d 1235 (Pa.Super.2000), *appeal denied*, 564 Pa. 711, 764 A.2d 1070 (2000), and *Rothermel v. Owen Illinois Inc.*, 16 Pa. D. & C.4th 20 (Pa. Com.Pl.1987), *aff'd*, 433 Pa.Super. 643, 638 A.2d 276 (Pa.Super.1993), *appeal denied*,

---

**4.** We note that both Appellant and the trial court have complied with Pa.R.A.P.1925.

542 Pa. 358, 667 A.2d 212 (1995), to support his contention.

¶ 7 In *Babich*, the plaintiff filed suit after a tractor-trailer lost its brakes and collided with a building where the plaintiff operated a business. The plaintiff filed his complaint against the operator of the tractor trailer and the owners of the tractor and the trailer, as well as the company which leased the tractor-trailer for that particular trip. A jury found in favor of the plaintiff and against the owner of the trailer and the company who had leased the vehicles. The trial court denied the plaintiff's motion for delay damages, and this Court affirmed that ruling. We explained that the "chief reasons for delay" in the case could not be attributed to the defendants. One of the defendants had filed a bankruptcy petition six months after the plaintiff's complaint was filed, yet the plaintiff had not sought relief from the automatic stay for two years and four months. Additionally, the plaintiff had failed to place the matter at issue in a timely manner. Since no delay was attributable to the defendants, we concluded that delay damages were not warranted.

¶ 8 Seven years later in *Gunn*, we reviewed an issue regarding delay damages after a jury verdict in favor of the plaintiff in a medical malpractice case. The jury had awarded damages in excess of $2 million for wrongful death in addition to a $35,000 award under the Survival Act. The trial court granted the motion for delay damages but excluded from its calculation certain time periods, specifically a three month period when the plaintiff was not represented and a four month period after the defendants' insurance carrier became insolvent and a stay had been issued by the Commonwealth Court. We concluded that the trial court's computation of delay damages was proper and affirmed.

¶ 9 In *Rothermel*, the plaintiff's decedent contracted lung cancer and filed suit against various defendants claiming asbestos exposure was a substantial cause of his disease. In ruling on post-trial motions, the trial court addressed an issue relating to delay damages assessed against a bankrupt defendant. Concluding that the bankrupt defendant, Manville Trust, "is a creature created by the Bankruptcy Court," it could not by its own terms be permitted to pay delay damages. 17 Pa. D. & C.4th at 31.

¶ 10 We find the cases cited by Appellant are easily distinguished and fail to support his contention. First, *Rothermel* involved a defendant which had been created by the Bankruptcy Court, not one which had happened to file for bankruptcy during the course of the litigation. As such, the trial court's reasoning in that case has no application here. Secondly, in *Gunn*, we were reviewing an argument that the trial court erred in awarding delay damages at all, not whether it properly excluded (or included) a period during which a party had filed for bankruptcy. Moreover, the bankrupt party in *Gunn* was Physicians Insurance Company which insured the defendants, not any of the defendants themselves.[5] Lastly, in *Babich*, we again were reviewing a trial court's refusal to award delay damages. There, we agreed with the trial court's conclusion that the reasons for delay could not be attributed to the defendants where one of the defendants had filed for bank-

---

5. There is no dispute in the case *sub judice* that Appellant had applicable motor vehicle liability insurance. *See* Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion for Delay Damages, C.R. at 36, Exhibits A and B.

ruptcy protection and the plaintiffs waited well over two years to obtain relief from the automatic stay; additionally, the plaintiff had failed to place the case at issue in a timely manner. *Babich,* 563 A.2d at 171. Contrary to Appellant's suggestion, we did not hold in *Babich* that any period of time during which a plaintiff fails to obtain relief from an automatic stay in a bankruptcy proceeding must be excluded from any delay damage computation. We also decline to create such a rule here.

¶ 11 The critical question is whether Appellant has established that Appellees "caused delay of the trial." Pa.R.C.P. 238(b)(1)(ii). The trial court explained its reasoned conclusion that Appellees did not, as follows.

> [A]lthough the bankruptcy [petition] was filed October 13, 2005, [Appellees] were not aware of it until over one month later and had to retain counsel in Arizona to prepare, file and present a petition for relief from the automatic stay. Said petition was filed on February 1, 2006, and granted February 28, 2006. Under these circumstances, it cannot be said that [Appellees'] conduct was dilatory.

Trial Court Opinion, 5/31/07, at 4–5. Based on our review, we discern no abuse of the trial court's discretion in this case in concluding that the period of time during which the automatic stay was in effect was not a delay of trial attributable to Appellees.

¶ 12 Furthermore, to the extent that Appellant has preserved the related issue regarding medical authorizations, we find that he has not established that the mere two week period of time before the stay and that following the order granting relief from the stay and Appellee/Husband's exe-

cution of requested release forms amounted to a delay in bringing the case to trial. *See Kuchak v. Lancaster General Hospital,* 377 Pa.Super. 288, 547 A.2d 372, 375 (1988) (refusing "to categorically impute natural delays in discovery to plaintiffs unless it is demonstrated that the plaintiff failed to take reasonable and normal steps to prepare his case and proceed to trial."); *see also* Pa.R.C.P. 238, Comment (stating that, "not every procedural delay is relevant to the issue of delay damages, but only such occurrences as actually cause delay of trial.").

¶ 13 Accordingly, for all of the foregoing reasons, we affirm judgment entered based on the trial court's assessment of delay damages.

¶ 14 Judgment affirmed.