J-A23041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL J. MUDRA, SR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCHLUMBERGER TECHNOLOGY | : | No. 1439 MDA 2021 |
| CORPORATION | | |
| | | |
| Appellant | | |

Appeal from the Judgment Entered November 8, 2021
In the Court of Common Pleas of Bradford County Civil Division
at No(s): 2021CV0283

BEFORE: BOWES, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: JULY 26, 2023**

Schlumberger Technology Corporation ("STC") appeals from the November 8, 2021 judgment entered in favor of Appellee, Michael J. Mudra, Sr., in this premises liability case, following the September 30, 2021 denial of STC's motions for post-trial relief and the October 29, 2021 order granting Appellee's motion for delay damages. After careful review, we affirm.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows: Appellee, an employee of Water Providers, Ltd., d/b/a Sweet H20 ("Sweet H20"), filed a civil action complaint against STC on June 28, 2012. Appellee claimed he suffered serious and

---

[*] Former Justice specially assigned to the Superior Court.

debilitating physical injuries while working on an oil and gas drilling well site in Troy, Pennsylvania on November, 24 2010, due to STC's negligence. Chesapeake Appalachia, LLC ("Chesapeake") was the leaseholder and operator of the site and contracted with various other companies to bring the well into production, including STC, which oversaw the hydraulic fracturing ("fracking") operations at the site.

At trial, Appellee claimed that, while doing his job, he slipped off a step and caught his foot under a large, 12-inch diameter hose that was improperly placed and under the control of STC. Appellee testified that when he arrived at the well site he advised STC of the hose and the need to move it, and that he felt compelled to do his job despite the danger based on the expensive, urgent, and highly-coordinated fracking process that was already underway. Appellee had to repeatedly travel up and down a steep metal staircase and step over the improperly placed hose at the bottom of the stairs. Near the end of his shift he slipped, caught his foot under the hose, and injured his ankle, causing painful, serious, and long-term disabilities which require him to walk with a cane.

On April 10, 2017, nearly five years after Appellee filed his complaint, STC filed a motion for entry of judgment of **non pros**, arguing that Appellee's failure to exercise due diligence in advancing this matter had hampered STC's ability to defend the lawsuit and caused it prejudice. **See** "Motion for Entry of Judgment **Non Pros**," 4/10/17 at ¶¶ 3-10. On April 16, 2017, the trial court

entered an order directing Appellee to show cause why the motion for entry of judgment of **non pros** should not be granted. Appellee filed a response and memorandum of law in opposition to STC's motion, and on July 25, 2017, the trial court denied the motion without prejudice.

On September 13, 2019, STC filed a motion for summary judgment and a brief in support of said motion. On January 17, 2020, the trial court held argument on the matter, at the conclusion of which it denied STC's motion on January 23, 2020.

Following some COVID-related delays in this case, a civil jury trial was ultimately scheduled for the week of November 2, 2020. The trial court also confirmed that discovery was "complete," and advised the parties about the possibility of sanctions for violations that "cause prejudice … or unreasonably disrupt or delay the trial proceedings." **See** trial court order, 2/14/20 at ¶ 11.

On September 30 and October 13, 2020, Appellee filed motions in **limine** seeking to preclude the testimony of STC's expert, Dr. J.P. Purswell, and to strike two witnesses, Kevin Schwind and Tim Howard, because they were named later in the action. On October 14, 2020, the trial court granted the motions, in part, and denied them, in part, insofar as the trial court allowed the testimony of Purswell as to certain matters; precluded entirely the testimony of Schwind; and permitted the testimony of Howard. **See** trial court order, 10/14/20 at ¶¶ 2-3.

Both parties timely filed several proposed jury instructions. All the non-standard instructions proposed by both parties were rejected at trial, including STC's proposed instructions relating to the (i) "open and obvious doctrine"; (ii) "deliberate encounter exception to the open and obvious doctrine"; and (iii) "duties of contractors and independent contractors"[.] **See** STC's "Motion for Post-Trial Relief," 11/13/20, at 12-14.

A jury trial commenced on November 2, 2020. Following the three-day trial, the jury returned a verdict in the amount of $1,767,827.84 in favor of Appellee and against STC. The award was reduced by 45% to reflect the jury's finding regarding of Appellee's comparative negligence.

STC made an oral motion for a directed verdict during trial on November 4, 2020, and an oral motion for judgment notwithstanding the verdict ("JNOV") following the return of the verdict in the case; both motions were denied by the trial court. On November 6, 2020, Appellee filed a motion for delay damages pursuant to Pa.R.C.P. 238, requesting that the verdict be amended to reflect additional delay damages of $332,600.86.

On November 13, 2020, STC filed motions for post-trial relief, requesting a new trial. On September 30, 2021, the trial court entered a comprehensive opinion and order denying STC's motions for post-trial relief. **See** trial court opinion, 9/30/21 at 1-23. The trial court subsequently entered an opinion and order on October 29, 2021 granting Appellee's motion for delay damages. Thereafter, on November 8, 2021, judgment was entered in favor

of Appellee and against STC in the amount of $1,304,906.17. This timely appeal followed.[1]

STC raises the following issues for our review:

> A. Whether the trial court erred in denying the motion for summary judgment of [STC], an independent contractor hired by Chesapeake to perform work on its multi-contractor oil and gas well site, because the open and obvious doctrine precluded the claims of [Appellee], an employee of another contractor also hired by Chesapeake, SweetH2O, when the undisputed facts of record established that [Appellee] saw the 12-inch diameter hose, believed it was potentially a tripping hazard, successfully traversed it multiple times, but nevertheless still subsequently tripped over it?
>
> B. Whether the trial court erred in denying [STC's] motion for summary judgment under the "deliberate encounter" exception to the open and obvious doctrine based only on [Appellee's] subjective belief that he had no choice but to continue working around the hose, and without evidence that [STC] had any objective reason to believe that [Appellee] would lose his job otherwise?
>
> C. Whether the trial court erred in denying [STC's] motion for directed verdict and JNOV based on the open and obvious doctrine even though, by the trial court's own assessment, "the open and obvious nature of the hose was not in dispute"?
>
> D. Whether the trial court erred in refusing to instruct the jury on the open and obvious

_____

[1] The record reflects that on December 3, 2021, STC filed concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b) and the trial court's November 12, 2021 directive. On December 7, 2021, the trial court filed a statement in lieu of a Rule 1925(a) opinion.

doctrine based on its belief that the open and obvious doctrine applies only to duty to warn claims?

E.      Whether the trial court erred in refusing to instruct the jury on the duty of care owed by an independent contractor to employees of another independent contractor on the same job site?

F.      Whether the trial court erred and abused its discretion in precluding a Chesapeake corporate representative from testifying at trial based on purported "late disclosure"?

G.      Whether the trial court erred and abused its discretion by only permitting [STC's] safety engineering expert to testify about the applicable OSHA regulations generally and not allowing him to offer his expert opinion that, based on the record evidence, [STC] had complied with those regulations?

H.      Whether the trial court erred and abused its discretion in denying [STC's] motion for entry of judgment of *non pros* due to inactivity without permitting [STC] to create a factual record and without holding oral argument?

I.      Whether the trial court erred and abused its discretion by including in its delay damages calculation the three (3) years of non-activity caused by [Appellee's] prior counsel?

STC's brief at 5-10.

Preliminarily, we note that the issues presented in STC's "Statement of Questions Involved" do not align with those raised in the "Argument" section of its appellate brief.  Although STC raises 9 distinct issues above, the "Argument" section contains only 5 intertwined claims delineated by letters A through E.

To the extent STC challenges the trial court's denial of its motions for summary judgment and for a directed verdict, **see** Issues A-C, **supra**, we note that these claims are not properly framed for appellate review. **See e.g.**, **Whitaker v. Frankford Hosp. of City of Philadelphia**, 984 A.2d 512, 517 (Pa.Super. 2009) (stating, "[o]nce this case proceeded to trial and Appellants presented a defense, the trial court's refusal to grant them summary judgment and a compulsory nonsuit became moot. Once a jury verdict in favor of Appellees was entered, the issue became whether the trial court erred in failing to grant them [JNOV]." (internal citations omitted)). Accordingly, we now turn to STC's remaining arguments on appeal.

## I. **JNOV**

STC first argues that the trial court abused its discretion in denying his motion for JNOV based upon the open and obvious doctrine. STC's brief at 31-36; issue A(ii)(1). In support of its contention, STC avers that the open and obvious nature of the hose was not in dispute; it did not own the hose and was not responsible for its placement; and it did not control the area where the hose was located. **Id.** at 25-26. Thus, STC avers it was under no duty to warn Appellee of a dangerous condition related to the hose. **Id.** For the following reasons, we disagree.

> Our standard of review of an order denying JNOV is whether, viewing the record in the light most favorable to the verdict winner and granting the benefit of every favorable inference, there is sufficient competent evidence to support the verdict. Any

> conflict in the evidence is resolved in the verdict winner's favor. JNOV may be granted only in clear cases where the facts are such that no two reasonable minds could fail to agree that the verdict was improper. We will disturb a trial court's grant or denial of JNOV only for an abuse of discretion or an error of law.

*Ruff v. York Hospital*, 257 A.3d 43, 48–49 (Pa.Super. 2021) (citations and internal quotation marks omitted), *appeal denied*, 266 A.3d 1064 (Pa. 2021).

"If any basis exists upon which the jury could have properly made its award, then we must affirm the trial court's denial of the motion for JNOV. A JNOV should be entered only in a clear case." *Egan v. USI Mid-Atl., Inc.*, 92 A.3d 1, 20 (Pa.Super. 2014) (citation omitted).

Instantly, our review of the record reveals that STC's claim merits no relief. As the trial court emphasized in its opinion, in rendering its verdict in favor of Appellee, there was ample evidence in the record for the jury to conclude that

> [STC] was in control of the worksite where [Appellee] was injured; that [STC] owned or controlled the hose at issue; that a dangerous condition existed and had been reported; and that [STC] owed a duty to [Appellee]. Additionally, the Court advised [STC's] counsel that the "open and obvious" doctrine relied upon by [STC] in arguing for a directed verdict, did not operate to compel the relief sought by [STC] because it was reasonable to conclude that the potential harm could have been reasonably foreseen.

Trial court opinion, 9/30/21 at 14 (citations omitted).

Accordingly, as there exists a basis upon which the jury could have rendered its verdict, the entry of JNOV was clearly not warranted in this matter. **See Egan**, 92 A.3d at 20. STC's claim to the contrary must fail.

## II.   <u>Jury Instructions</u>

STC next argues that the trial court abused its discretion in refusing to charge the jury with its proposed jury instructions on: (a) the open and obvious doctrine and the deliberate encounter exception thereto; and (b) the duty of care that an independent contractor owes to the employees of another independent contractor at a job site. STC's brief at 36-50; issue A(ii)(2). We disagree.

> Our standard of review regarding jury instructions is limited to determining whether the trial court committed a clear abuse of discretion or error of law which controlled the outcome of the case. Error in a charge occurs when the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse rather than clarify a material issue. Conversely, a jury instruction will be upheld if it accurately reflects the law and is sufficient to guide the jury in its deliberations.
>
> The proper test is not whether certain portions or isolated excerpts taken out of context appear erroneous. We look to the charge in its entirety, against the background of the evidence in the particular case, to determine whether or not error was committed and whether that error was prejudicial to the complaining party.

**James v. Albert Einstein Med. Ctr.**, 170 A.3d 1156, 1163–1164 (Pa.Super. 2017) (citation omitted; emphasis added).

- 9 -

Instantly, the record reflects that STC declined the trial court's offer to give the Pennsylvania Suggested Standard Jury Instruction on the "open and obvious" doctrine. Thus, STC has waived any challenge to omission of its proposed "open and obvious" charge on appeal. *See* notes of testimony, 11/4/20 at 39, 44, 115-117.

Likewise, we discern no abuse of discretion on the part of the trial court in electing not to charge the jury on the deliberate encounter exception to the open and obvious doctrine, given that STC rejected the trial court's offer of the standard instruction. As the trial court properly stated in its opinion:

> Because there was no instruction as to the open and obvious doctrine given, there was no need to give an instruction on the deliberate encounter exception to the open and obvious doctrine. Furthermore, [STC] should not be heard to complain because the Court declined to charge the jury on a doctrine that is an exception to a rule of law that [STC] declined to have explained to the jury in its standard form.

Trial court opinion, 9/30/21 at 21.

The record further reflects that the trial court rejected STC's proposed jury instructions on the duty owed among independent contractors as "inappropriate and confusing," *see id.* at 22, opting instead to give the standard jury instructions on negligence and the duty of care. *See* notes of testimony, 11/4/20 at 203-206.

The trial court reasoned that,

> the standard jury instructions explaining simple negligence principles – grounded in reasonableness – were the most appropriate instructions to give the jury

> to help them determine whether [STC] owed [Appellee] a duty and failed to reasonably exercise that duty, whether [STC] controlled the work site where [Appellee] was allegedly injured, and whether [STC] had been negligent in not acting to eliminate a reported dangerous condition. It would be up to the jury, based on the facts as determined from the evidence presented, to decide the case.

Trial court opinion, 9/30/21 at 23 (citations omitted).

Upon review, we conclude that the trial court did not abuse its discretion by declining to give STC's proposed instructions to the jury. Our independent review of the record reveals that the trial court's instructions clearly, adequately, and accurately presented the relevant law to the jury for its consideration. This Court has recognized that "there is no right to have any particular form of instruction given; it is enough that the charge clearly and accurately explains the relevant law." **James**, 170 A.3d at 1164 (citation omitted). Accordingly, STC's claim must fail.

## III. **Motion in *Limine* to Strike Witness**

STC next argues that the trial court abused its discretion in granting Appellee's motion in *limine* to preclude Kevin Schwind, an employee of Chesapeake, from testifying at trial. STC's brief at 50-54; issue B.

Our standard of review of an order granting or denying a motion in *limine* is well-settled.

> A motion in *limine* is used before trial to obtain a ruling on the admissibility of evidence. It gives the trial judge the opportunity to weigh potentially prejudicial and harmful evidence before the trial

- 11 -

occurs, thus preventing the evidence from ever reaching the jury. A trial court's decision to grant or deny a motion in *limine* is subject to an evidentiary abuse of discretion standard of review.

Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and we will not reverse the court's decision absent a clear abuse of discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

In addition, to constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.

*E. Steel Constructors, Inc. v. Int'l Fid. Ins. Co.*, 282 A.3d 827, 843–844 (Pa.Super. 2022), quoting *Parr v. Ford Motor Co.*, 109 A.3d 682, 690-691 (Pa.Super. 2014) (citations omitted), *appeal denied*, 123 A.3d 331 (Pa. 2015), *cert. denied*, 577 U.S. 1008 (2015).

Following our careful review of the record, including the briefs of the parties, the applicable law, the well-reasoned opinion of the trial court, we find that Schwind was properly precluded from testifying on STC's behalf because he was only identified as a prospective witness a mere 26 days before trial. In reaching this conclusion, the trial court set forth the following analysis, which we adopt as our own:

[G]iven the extent and protracted duration of discovery, and the clear opportunity [STC] had to advise [Appellee] at an earlier date that they wished to call new, previously unidentified witnesses (given that the case was originally set for trial in June and

- 12 -

the parties met with each other and the Court on 3 [June 3, 2020] to discuss new trial dates), the violation was sufficiently severe such that it should not be overlooked; [STC] had offered no reasonable, satisfactory, or verifiable excuse for its apparent misrepresentation (or, at minimum, insufficient and inaccurate disclosure) to the Court and [Appellee] on [February 14, 2020] and again on [June 3, 2020] as to the completion of discovery and the identity of potential witnesses, suggesting that the withholding of the Chesapeake witness was intentional; [STC's] failure to timely name both witnesses, but particularly Kevin Schwind, resulted in prejudice to [Appellee]; the resultant prejudice to [Appellee] could not be timely cured because of the necessity for the trial to proceed as scheduled, having already been continued once due to COVID-19, and the unfairness to [Appellee] of having to arrange, prepare for, and take a last-minute deposition (all of which was further complicated by COVID-19 restrictions) as opposed to making final preparations for trial; and [STC] had offered no explanation as to why Schwind's testimony was required, given that, according to [STC's] summary of their anticipated testimony, both Tim Howard and Kevin Schwind were going to address the same topics as Mark Brunet, the initial corporate representative who had previously been deposed. Additionally, the Court was permitting Howard to testify.

Trial court opinion, 9/30/21, at 12 (numeration omitted; date formatting corrected).

## IV. Expert Testimony

STC next argues that the trial court abused its discretion in limiting the testimony of its liability expert, Dr. J.P. Purswell, at trial. STC's brief at 54-59; issue C. We disagree.

- 13 -

"The admission of expert testimony is a matter of discretion [for] the trial court and will not be remanded, overruled or disturbed unless there was a clear abuse of discretion." ***A.Y. v. Janssen Pharms. Inc.***, 224 A.3d 1, 22 (Pa.Super. 2019) (citation omitted), ***appeal denied***, 238 A.3d 341 (Pa. 2020), ***cert. denied***, ___ U.S. ___, 141 S.Ct. 2658 (2021).

> It is well settled in Pennsylvania that the standard for qualification of an expert witness is a liberal one. When determining whether a witness is qualified as an expert the court is to examine whether the witness has any reasonable pretension to specialized knowledge on the subject under investigation. It is to ascertain whether the proposed witness has sufficient skill, knowledge, or experience in the field at issue as to make it appear that the opinion or inference offered will probably aid the trier of fact in the search for truth.

***Rettger v. UPMC Shadyside***, 991 A.2d 915, 930 (Pa.Super. 2010) (citations omitted), ***appeal denied***, 15 A.3d 491 (Pa. 2011).

Here, the record reflects that in lieu of presenting Purswell's live testimony at trial, STC elected to offer his testimony by reading into the record the transcript of his deposition. As a result, the trial court was able to review the transcript and determine which portions should be omitted.

Specifically, STC was permitted to present Purswell's testimony about the safety obligations that OSHA imposes on employers at a worksite, as well as his expert opinion that STC's actions with regard to Appellee did not violate OSHA. Purswell opined as follows:

> Q.    If a company on a multi-employer worksite doesn't create the dangerous condition that

caused an injury to another company's employee, can it be citable under OSHA as a creating employer?

A.    If the second contractor does not create the hazard, they are not citable as the creating employer, no.

Q.    Okay. This case, as you know, involved a hose, hypothetically speaking, if [STC] did not own or place the hose that [Appellee] alleges he tripped over, could it be cited for an OSHA violation as a creating employer?

A.    It could not.

    . . . .

Q.    Okay, Dr. Purswell. Could — if you don't recall my question, my previous question was could [STC] be held liable as an exposing employer under the OSHA regulations?

A.    If the employees of [STC] are exposed to the tripping hazard of the hose, it could be cited as an exposing employer. [STC] could not be cited as an exposing employer for exposing — for the exposure of other employee, other businesses, entities at the site, for their exposure to the hazard. So whether it is the Sweetwater H2O, or whether it is a sand fracking supplier, whether it is something else, whether it's the company man coming out who's at the scene, if it's not the [STC] employee, [STC] is not the exposing employer.

Notes of testimony, 11/4/20 at 162-163.

The trial court, however, precluded Purswell from testifying about the contractual obligations of the contractors at the well site and the comparative liability of each. Specifically, the trial court stated that it was improper for

Purswell to comment on the functioning of the well site and to "point[] a finger at the other parties, Chesapeake and Sweet Water," because that was beyond the scope of his pre-trial report and was based upon his interpretation of the contract, of which he admitted he had no expertise. Notes of testimony, 11/3/20 at 157-161; *see also* trial court opinion, 9/30/21 at 8-9.

Upon review, we discern no abuse of discretion on the part of the trial in limiting the portions of Purswell's deposition testimony that were read into evidence to those subjects that were properly within the scope of his pretrial report and expertise.

This court has long recognized that "[a]n expert's testimony on direct examination is to be limited to the fair scope of the expert's pre-trial report." *Stalsitz v. Allentown Hosp.*, 814 A.2d 766, 779 (Pa.Super. 2002), *appeal denied*, 854 A.2d 968 (Pa. 2004). Moreover, "in determining whether to admit expert testimony, the usual test to be applied is whether the witness has a reasonable pretension to specialized knowledge on the subject matter in question." *McFeeley v. Shah*, 226 A.3d 582, 596 (Pa.Super. 2020) (citation omitted).

Based on the foregoing, STC's claim that it was prejudiced by the omission of those portions of Purswell's deposition testimony that were clearly beyond the scope of his pre-trial report and expertise must fail.

## V. Judgement of *Non Pros*

STC next argues that the trial court abused its discretion in denying its motion for entry of judgment of ***non pros***. STC's brief at 59-62; issue D. STC alleges that it was prejudiced by the nearly three-year period of "docket inactivity" from July 2014 until April 2017 that was attributable to Appellee, such that he was incapable of properly preparing for trial. ***Id.***; ***see also*** "Motion for Entry of Judgment ***Non Pros***," 4/10/17 at ¶¶ 3-10. For the following reasons, we disagree.

"The standard governing our review of a trial court decision to deny a petition to open a judgment of ***non pros*** is one of abuse of discretion." ***Florig v. Estate of O'Hara***, 912 A.2d 318, 323 (Pa.Super. 2006) (citations omitted), ***appeal denied***, 929 A.2d 1162 (Pa. 2007). "A trial court will be found to have abused its discretion if, in reaching its conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill will." ***Id.*** at 323–324 (citation omitted).

"Relief from a judgment of ***non pros*** shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition." Pa.R.C.P. 3051(a). To open a judgment of ***non pros***, the petition shall allege facts showing that:

> (1) the petition is timely filed,
>
> (2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of ***non pros***, and

- 17 -

> (3) there is a meritorious cause of action.

Pa.R.C.P. 3051(b)(1-3).

> In interpreting Rule 3051, this Court has stated that:

> > in order for the judgment of **non pros** to be opened, three elements must coalesce: 1) the petition to open must be promptly filed; 2) the default or delay must be reasonably explained or excused; and 3) facts must be shown to exist which support a cause of action.

***Madrid v. Alpine Mountain Corp.***, 24 A.3d 380, 381 (Pa.Super. 2011) (citations omitted), ***appeal denied***, 40 A.3d 1237 (Pa. 2012).

Instantly, the trial court addressed this issue in its opinions authored in support of its September 30, 20201 order denying STC's post-trial motions and its October 29, 2021 order granting Appellee's motion for delay damages. Therein, the trial court found that "[Appellee's] reasons for the alleged inactivity … were credible, satisfactory, compelling, and not indicative of bad faith or intentional delay." Trial court opinion, 9/30/21 at 5. The trial court further concluded that STC's claim that Appellee had done nothing to move the case forward during the nearly three-year period that the proceeded the filing of its motion is belied by the record. The trial court stated:

> > In direct response to [STC's] claim that there was "no docket activity" after July 14, 2014, [Appellee] provides a list of documents that purport to support [Appellee's] claim that discovery was ongoing during this period, including: a subpoena to produce issued August 15, 2014; a letter from [Appellee] to [STC] requesting depositions dated November 6, 2014; supplemental discovery sent by [Appellee] to [STC] by letter dated November 11, 2014; a subpoena to

produce issued January 1, 2015; and a subpoena to produce issued March 5, 2015. While these documents may not have been listed on the docket and were not part of the record, their authenticity is obvious and has not been challenged by [STC]. [Appellee] also notes that [STC] switched counsel, for the second time, on June 2, 2015, followed by a change of [Appellee's] counsel on August 30, 2016. From this, [Appellee] argues that the "timeline is indicative of [Appellee's] due diligence in pursuit of his claim" and that "[a]ny alleged period of inactivity in this litigation is not attributable to [Appellee] and should not bar him from receiving delay damages."

Trial court opinion, 10/29/21 at 4 (citation omitted; internal quotation marks in original).

Following our own independent review, we find that the record supports the trial court's findings. Accordingly, we discern no abuse of discretion on the part of the trial court in denying STC relief on its motion for judgment of *non pros*.

## VI.  **Delay Damages**

Similarly, STC further argues that the trial court abused its discretion in finding that Appellee was entitled to delay damages for the aforementioned "3-year period of inactivity from 2014 until 2017" that was the subject of its motion for entry of judgment *non pros*. STC's brief at 62-63; issue E. This claim is meritless.

"Our standard of review in assessing whether a trial court erred in calculating delay damages is well-settled. We will not reverse a trial court's

decision to impose delay damages absent an abuse of discretion." ***Sopko v. Murray***, 947 A.2d 1256, 1258 (Pa.Super. 2008) (citation omitted).

Pennsylvania Rule of Civil Procedure 238 governs delay damages for actions for bodily injury or death and provides, in relevant part, as follows:

> (a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, in the decision of the court in a nonjury trial … and shall become part of the verdict, decision or award.
>
> (2) Damages for delay shall be awarded for the period of time from a date one year after the date original process was first served in the action up to the date of the award, verdict or decision.
>
> (3) Damages for delay shall be calculated at the rate equal to the prime rate as listed in the first edition of the Wall Street Journal published for each calendar year for which the damages are awarded, plus one percent, not compounded.
>
> (b)(1) The period of time for which damages for delay shall be calculated under subdivision (a)(2) shall exclude the period of time, if any,
>
> > (i) after the defendant made a written offer which complied with the requirements of subdivision (b)(2), provided that the plaintiff obtained a recovery which did not exceed the amount described in subdivision (b)(3), or
> >
> > (ii) during which the plaintiff caused delay of the trial.

Pa.R.C.P. 238(a), (b).

"The purpose of Rule 238 is to alleviate delay in the courts by providing an incentive and encouragement for defendants to settle meritorious claims as soon as reasonably possible." ***Sopko***, 947 A.2d at 1258 (citation omitted). "[A] defendant bears the burden of proof when opposing imposition of delay damages and may do so on two bases: (1) establishing that the requisite offer has been made in accordance with the terms of Pa.R.C.P. 238(b)(1)(i); or (2) establishing that the plaintiff was responsible for specified periods of delay." ***Shay v. Flight C Helicopter Servs., Inc.***, 822 A.2d 1, 20–21 (Pa.Super. 2003) (citation omitted).

As discussed, the trial court found that Appellee did not unnecessarily delay this case during the nearly three-year period that preceded the filing of STC's motion for entry of judgment ***non pros***, and thus, "did not cause a delay of trial that would bar the recovery of delay damages in whole or part." Trial court opinion, 10/29/21 at 4-5. Accordingly, the trial court awarded Appellee delay damages of $332,600.86, in accordance with the proper method of calculation – prime rate plus 1% – as set forth in Rule 238(a)(3). ***See id.*** at 2; trial court order, 10/29/21. Upon review, we find this was a proper exercise of the trial court's discretion. Accordingly, STC's final claim of trial court error must fail.

For all the foregoing reasons, we affirm the November 8, 2021 judgment entered in favor of Appellee and against STC in the amount of $1,304,906.17.[2]

_____

[2] The majority acknowledges there is an inconsistency in the law in this Commonwealth regarding the appealability of pre-trial motions. **Compare**, **e.g.**, **Whitaker**, 984 A.2d 517 (noting that once the case proceeded to trial and the defendants presented a defense, the denial of their motion for summary judgment became moot and, upon entry of a verdict in plaintiff's favor, "the issue became whether the trial court erred in failing to grant them [JNOV]"); and **Xtreme Caged Combat v. Zarro**, 247 A.3d 42, 50 (Pa.Super. 2021) (applying **Whitaker** in concluding that "the denial of [plaintiff's] summary judgment motion is not appealable as an issue separate from the grant of the nonsuit at trial"); with **Windows v. Erie Insurance**, 161 A.3d 953 (Pa.Super. 2017) (reaching merits of trial court's denial of summary judgment motion on appeal following trial without explanation as to why the denial was reviewable); and **Brownlee v. Home Depot U.S.A., Inc.**, 241 A.3d 455 (Pa.Super. 2020) (non-precedential decision at 6-7 & n.5) (holding that the denial of a motion for summary judgment is not moot following trial and noting further "that a litigant should be permitted to challenge, on appeal, a trial court's denial of a pretrial motion for summary judgment even after the parties have proceed to trial and a verdict."). An **En Banc** panel of this Court should be considered in light of inconsistent jurisprudence regarding appealability of pre-trial motions.

Judgment affirmed.

An En Banc panel of this Court should be considered in light of inconsistent jurisprudence regarding appealability of pre-trial motions.

Judge McCaffery joins.

Judge Bowes files a Concurring Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/2023