J-A28010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ILINETH MENDOZA VEGA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOEY JONES | : | No. 1612 EDA 2023 |

Appeal from the Amended Judgment Entered May 25, 2023
In the Court of Common Pleas of Monroe County Civil Division at No(s):
002827-CV-2020

BEFORE:   OLSON, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 26, 2024**

Appellant, Ilineth Mendoza Vega, appeals from the May 25, 2023 amended judgment entered in the Court of Common Pleas of Monroe County in her favor, and against Joey Jones ("Jones"), in the amount of $234,774.75. We affirm, in part, and vacate, in part, the May 25, 2023 amended judgment, as well as vacate the May 25, 2023 order that awarded delay damages, and remand this case for further proceedings.

"By way of background, the instant action arose from a motor vehicle accident on May 4, 2018, involving the separate vehicles driven by [Appellant] and [Jones]." Trial Court Opinion, 9/8/23, at 1. On March 23, 2023, a jury returned a verdict in favor of Appellant, and against Jones, in the amount of

_____

[*] Retired Senior Judge assigned to the Superior Court.

$225,000.00. Verdict Slip, 3/23/23 (having found that Jones' negligence was the factual cause of Appellant's harm).

On March 24, 2023, Appellant submitted a bill of costs, requesting that the trial court award her $316.75 for litigation costs. That same day, Appellant also filed a motion for delay damages in the amount of $20,120.55, requesting that the trial court mold the verdict to include an award of delay damages. On April 11, 2023, Jones filed a response in opposition to Appellant's request to mold the verdict to include delay damages, asserting that the correct amount of delay damages was $9,458.00. Jones' Response in Opposition, 4/11/23, at ¶13. Appellant filed a brief in support of her motion to mold the verdict to include delay damages on April 14, 2023.

On April 20, 2023, the trial court granted Appellant's request to add litigation costs to the verdict. Trial Court Order, 4/20/23. That same day, Appellant filed a *praecipe* to enter judgment in the amount of $225,316.75. Judgment was entered in favor of Appellant, and against Jones, in the amount of $225,316.75 on April 20, 2023.

In correspondence directed to the trial court on May 11, 2023, Appellant's counsel requested that the trial court address the pending motion for delay damages "so that all judgments related to this case may be satisfied quickly." Letter, 5/11/23. On May 25, 2023, the trial court awarded Appellant delay damages in the amount of $9,458.00, and directed the prothonotary of Monroe County to enter an amended judgment in the amount of $234,774.75. Trial Court Order, 5/25/23. Thereupon, an amended judgment was entered

in favor of Appellant, and against Jones, in the amount of $234,774.75 on May 25, 2023.

On May 31, 2023, Appellant filed a notice of appeal with this Court, challenging the amended judgment entered on May 25, 2023.[1] On June 2, 2023, Appellant filed a motion for reconsideration of the trial court's May 25, 2023 order awarding delay damages in the amount of $9,458.00.[2] On June 15, 2023, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant filed a Rule 1925(b) statement on June 27, 2023. The trial court filed its Rule 1925(a) opinion on September 8, 2023.

Appellant raises the following issues for our review:

1. Did the trial court err in its order of May 25, 2023[,] when it molded the [jury] verdict (memorialized and entered as a judgment on April 20, 2023), to include delay damages,

---

[1] In her appeal, Appellant challenges the May 25, 2023 amended judgment, which included delay damages. Appellant's appeal does not raise challenges to the April 20, 2023 judgment entered on the compensatory verdict. As such, Appellant's appeal of the May 25, 2023 amended judgment was timely, and we may consider Appellant's challenges as they relate to delay damages. ***See*** Pa.R.Civ.P. 238 at Explanatory Comment – 1988 (stating, "If no motion for post-trial relief is filed but a motion for delay damages is opposed, the plaintiff may have judgment entered on the verdict or decision and the [trial] court will enter judgment later for any delay damages awarded. [(This statement tracks the procedural posture of the case *sub judice*.)] While this procedure contemplates the entry of two judgments, there can be only one appeal, limited to the issue of damages for delay since the plaintiff, by his[, or her,] failure to file a motion for post-trial relief, has not preserved any other issue for appeal.").

[2] The trial court did not take action on Appellant's June 2, 2023 motion for reconsideration.

rather than enter a second judgment arising solely from the grant of delay damages, as is required by [Pennsylvania Rule of Civil Procedure] 238(c)(3)(ii) [and the Rule's] Explanatory Comment - 1988?

2. Did the trial court err in its order of May 25, 2023, when it applied the wrong [burden of proof] in deciding to award less-than-requested delay damages in the amount of $9,458.00 to Appellant[;] specifically that the trial [c]ourt placed the evidentiary [burden of proof] on Appellant rather than on [Jones] as is required by general rule?

3. Did the trial court err in its order of May 25, 2023, when it awarded Appellant[] delay damages in the amount of $9,458.00 rather than the requested amount of $20,120.55 - specifically included within this statement of error are the following associated subsidiary issues:

    (a) [Whether] the trial court erred in its order of May 25, 2023, when it concluded that the time period from May 6, 2021[,] until July 13, 2021, should be excluded from the delay damages calculation despite the fact that the trial court exercised jurisdiction over [Jones] when [Jones] engaged in litigation on May 6, 2020 - by filing a rule to file a complaint - and thus delay damages should have [begun] to run one year thereafter on May 6, 2021[?]

    (b) [Whether] the trial court erred in its order of May 25, 2023, when it concluded that the time period from March 1, 2022[,] until October 6, 2022, should be excluded from the delay damages calculation based upon an unopposed continuance request by [Appellant] for additional time for discovery which benefited both parties[?]; and

    (c) [Whether] the trial court erred in its order of May 25, 2023, when it concluded that the time period from October 6, 2022[,] until January 17, 2023[,] should be excluded from the delay damages calculation despite the fact that the unopposed continuance request by [Appellant] was made in response to a communication by the trial court that the trial court could only accommodate a half[-]day

> trial during the October trial term and both parties agreed that they required two days for trial[?]

Appellant's Brief at 2-4.[3]

Appellant's issues, *in toto*, challenge the trial court's award of delay damages in the amount of $9,458.00. "Our standard of review in assessing whether a trial court erred in calculating delay damages is well-settled. We will not reverse a trial court's decision to impose delay damages absent an abuse of discretion." ***Sopko v. Murray***, 947 A.2d 1256, 1258 (Pa. Super. 2008). Resolution of the issues raised in this appeal requires us to interpret the Pennsylvania Rules of Civil Procedure. The interpretation of our procedural rules presents a pure question of law for which our standard of review is *de novo* and our scope of review is plenary. ***Getting v. Mark Sales & Leasing, Inc.***, 274 A.3d 1251, 1261 (Pa. Super. 2022).

Pennsylvania Rule of Civil Procedure 238, relating to the award of delay damages in actions for bodily injury, death, or property damage, states, in pertinent part, as follows:

### Rule 238. Damages for Delay in Actions for Bodily Injury, Death[,] or Property Damage

(a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death[,] or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, in the decision of the [trial] court in a non[-]jury trial[,] or in the award

---

[3] For ease of disposition, Appellant's issues have been reorganized.

of arbitrators[,] and shall become part of the verdict, decision[,] or award.

(2) Damages for delay shall be awarded for the period of time from a date one year after the date original process was first served in the action up to the date of the award, verdict[,] or decision.

(3) Damages for delay shall be calculated at the rate equal to the prime rate as listed in the first edition of the *Wall Street Journal* published for each calendar year for which the damages are awarded, plus one percent, not compounded.

(b)(1) The period of time for which damages for delay shall be calculated under subdivision (a)(2) shall exclude the period of time, if any,

(i) after the defendant made a written offer [of settlement,] which complied with the requirements of subdivision (b)(2), provided that the plaintiff obtained a recovery which did not exceed the amount described in subdivision (b)(3), or

(ii) during which the plaintiff caused delay of the trial.

. . .

(c) Not later than ten days after the verdict or notice of the decision, the plaintiff may file a written motion requesting damages for delay and setting forth the computation.  . . .

(1) Within twenty days after the motion is filed, the defendant may answer specifying the grounds for opposing the plaintiff's motion.  The averments of the answer shall be deemed denied.  If an issue of fact is raised, the [trial] court may, in its discretion, hold a hearing before entering an appropriate order.

(2) If the defendant does not file an answer and oppose the motion, the prothonotary upon *praecipe* shall add the damages for delay to the verdict or decision in the amount set forth in the motion.

(3)(i) If a motion for post-trial relief has been filed under Rule 227.1 and a motion for delay damages is pending, a judgment may not be entered until disposition has been made of all motions filed under Rule 227.1 and this rule.

(ii) If no motion for post-trial relief is filed within the ten-day period under Rule 227.1 but the defendant opposes the motion for delay damages, the plaintiff may enter judgment on the verdict or decision.  Thereafter, upon deciding the motion for damages for delay, the [trial] court shall enter judgment for the amount of the delay damages, if any.

Pa.R.Civ.P. 238(a), (b)(1), and (c).

In her first issue, Appellant asserts that the trial court erred in entering a single, amended judgment that included the verdict award, costs, and delay damages.  Appellant's Brief at 46-47.  Appellant argues that the trial court should have entered a separate judgment comprised only of the delay damages award.  *Id.*

As stated *supra*, Rule 238(c)(3)(ii) provides that when no motion for post-trial relief is filed within ten days of the verdict, but the defendant opposes the plaintiff's motion for delay damages, the plaintiff may enter judgment on the verdict, and the trial court, upon deciding the motion for delay damages, shall enter a judgment for the amount of delay damages, if any.  Pa.R.Civ.P. 238(c)(3)(ii).  The explanatory comment to Rule 238, states that the procedure outlined in Rule 238 "**contemplates** the entry of two judgments[.]"  *Id.* at Explanatory Comment – 1988 (emphasis added).[4]

---

[4] As adopted in 1988, Rule 238(c)(3)(ii) provided "(ii) If no motion for post-trial relief is filed within the ten-day period under Rule 227.1 but the defendant opposes the motion for delay damages, the plaintiff may enter judgment on the verdict or decision.  Thereafter, upon deciding the motion for damages for delay, the [trial] court shall enter judgment for the amount of the delay damages, if any."  Pa.R.Civ.P. 238(c)(3)(ii) (adopted Nov. 7, 1988, immediately effective).

As the explanatory comment suggests, a trial court, in awarding delay damages, **may** enter a second judgment for delay damages that is separate from the judgment entered on the compensatory verdict. A second, and distinct judgment, however, is not required under Rule 238(c)(3)(ii). A trial court may, consistent with our procedural rules, simply modify the original compensatory award to include the award of delay damages. Consequently, we discern no procedural error of law in the trial court's May 25, 2023 order directing the entry of an amended judgment in the amount of $234,774.75.[5]

In her second issue, Appellant asserts that the trial court erred when it shifted the burden of proof to Appellant to demonstrate that the delays in trial were not caused by Appellant. Appellant's Brief at 23-26. Appellant contends that "it is the defendant who bears the burden of proof when opposing the imposition of delay damages." *Id.* at 24, *citing* **Sopko**, **supra**.

In addressing Appellant's issue in its Rule 1925(a) opinion, the trial court stated,

> [The trial court] recognizes that [Jones] bears the burden of proof when opposing the imposition of delay damages and may do so by establishing that (1) the requisite [settlement] offer has been made[,] or (2) [Appellant] was responsible for specified periods of delay. However, the crucial question in this case is **whether [Appellant] established that [Jones] "caused delay for the trial," for the specified period**.

---

[5] As discussed *supra*, while no procedural error exists in the trial court's May 25, 2023 order, we find a substantive error of law in the order and, for that reason, vacate the order, herein.

Trial Court Opinion, 9/8/23 (citations omitted; emphasis added).

The law is well-established that the defendant bears the burden of proof when opposing the imposition of delay damages and may satisfy his or her burden by establishing, *inter alia*, that the plaintiff was responsible for the specified periods of delay. ***Sopko***, 947 A.2d at 1258; ***see also Frazer v. McEntire***, 265 A.3d 777, 776 (Pa. Super. 2021) (stating, "[d]efendants are further protected from the assessment of delay damages where they can show that the conduct of the plaintiff" delayed the trial), *appeal denied*, 278 A.3d 309 (Pa. 2022); Pa.R.Civ.P. 238 at Explanatory Comment – 1988 (stating, the defendant bears the burden of proof to establish that "the plaintiff was responsible for the specified periods of time during which the trial was delayed").

To that end, we find that the trial court erred as a matter of law to the extent it shifted the burden of proof to Appellant to establish that she did not delay the trial. Here, Jones opposed Appellant's request for delay damages and the burden was on Jones to establish that the periods for which Appellant sought delay damages were excluded from the Rule 238 calculation because Appellant caused the delay in trial during those periods. Appellant can refute Jones' assertions by establishing that she did not cause the delay in trial.[6]

---

[6] Rule 238 "does not mandate a hearing on delay damages in every case, but permits a hearing when the award of such damages is opposed by the defendant, an issue of fact is raised[,] and the [trial] court feels that a hearing would be useful." Pa.R.Civ.P. 238 at Explanatory Comment – 1988.

Nevertheless, to refute the imposition of delay damages, Jones always retained the burden of proving that Appellant's actions delayed the trial.

In her third issue, Appellant asserts that the trial court erred in awarding $9,458.00 in delay damages.[7] Appellant's Brief at 27-46. Appellant contends that the trial court incorrectly excluded the periods of May 6, 2021, to July 13, 2021; March 1, 2022, to October 6, 2022; and October 6, 2022, to January 17, 2023, from its calculation of delay damages. *Id.*

To reiterate, delay damages "shall be awarded for the period of time from a date one year after the date original process **was first served** in the action up to the date of the award, verdict[,] or decision." Pa.R.Civ.P. 238(a)(2) (emphasis added). Periods of time in which the plaintiff caused a delay in the trial, however, are excluded from the calculation of delay damages. Pa.R.Civ.P. 238(b)(1)(ii); *see also Tindall v. Friedman*, 970 A.2d 1159, 1177 (Pa. Super. 2009). "Under Rule 238, the reason for the delay is not pertinent; the sole issue under Rule 238 is whether the plaintiff caused the delay. If proceedings are postponed by any other mechanism, delay damages are imposed." *Tindall*, 970 A.2d at 1178 (original quotation marks omitted); *see also Sutch v. Roxborough Mem. Hosp.*, 151 A.3d 241, 258 (Pa. Super. 2016) (stating that, periods of delay are not excluded from the

---

[7] Jones conceded in his response in opposition to Appellant's motion for delay damages that delay damages should be awarded for the periods of: July 13, 2021, to December 31, 2021, from January 1, 2022, to March 1, 2022; and from January 17, 2023, to March 23, 2023. *See* Jones' Response in Opposition, 4/11/23, at ¶12.

calculation of delay damages when the defendant caused the delay in trial), *appeal denied*, 169 A.3d 1065 (Pa. 2017).

When the trial is postponed due to a request by the plaintiff for a continuance and the defendant is prepared to proceed to trial, as originally scheduled, then the period of time for which the continuance was granted is excluded from the calculation of delay damages. **Povrzenich v. Ripepi**, 257 A.3d 61, 74 (Pa. Super. 2021), *appeal denied*, (Pa. 2021). Rule 238 "does not permit exclusion for calculation of delay damages for periods of delay [where] no party is responsible due to extraneous administrative concerns." **Wirth v. Miller**, 580 A.2d 1154, 1159 (Pa. Super. 1990), *dismissing appeal as improvidently granted*, 632 A.2d 309 (Pa. 1993). "With respect to [a] plaintiff's [request for a] delay of the trial, not every procedural delay is relevant to the issue of delay [damages] but only such occurrences as actually cause delay of trial." **Wirth**, 580 A.2d at 1159 (citation omitted). When a plaintiff requests a continuance and the defendant subsequently requests a continuance for the same period, the period of time in which the trial is delayed due to the granting of the continuances is included in the calculation of delay damages because the plaintiff was not the sole cause of the delay, as required by Rule 238(b)(1)(ii). **Cruz v. Northeastern Hosp.**, 801 A.2d 602, 613 (Pa. Super. 2002).

In the case *sub judice*, service of original process was perfected on July 13, 2020. **See** Sheriff's Service Affidavit of Return, 7/14/20. Appellant asserts that delay damages were to be calculated starting on May 6, 2021,

one year after Jones' counsel entered an appearance and filed a *praecipe* upon Appellant for a rule to file the complaint. Appellant's Brief at 29-30. While the entry of defense counsel's appearance and the subsequent filing of a *praecipe* for a rule to file a complaint binds the defendant to the personal jurisdiction of the trial court (***see McCullough v. Clark***, 784 A.2d 156, 158 (Pa. Super. 2001), *appeal denied*, 797 A.2d 914 (Pa. 2002)), Rule 238(a)(2) states that delay damages "shall be awarded for the period of time from a date one year **after the date original process was first served** in the action up to the date of the award, verdict[,] or decision." Pa.R.Civ.P. 238(a)(2). Conspicuously absent from Rule 238(a)(2) is mention of jurisdiction, a concept well-known to the rule making body of our Supreme Court. As such, pursuant to Rule 238(a)(2), the clock for calculation of delay damages began to run one year **after service of process was perfected**, that is to say on July 13, 2021. ***See*** Pa.R.Civ.P. 238(a)(2).

As the case proceeded to trial, Jones requested a continuance on March 25, 2021, to which Appellant agreed. On March 26, 2021, the trial court granted the request and continued the trial until March 7, 2022. On July 30, 2021, Jones requested another continuance, to which Appellant agreed, and the trial court subsequently continued the trial until June 7, 2022. On November 2, 2021, Jones filed a third request for a continuance, to which Appellant agreed, and the trial court continued the trial until September 7, 2022.

On March 3, 2022, Appellant filed a request for a continuance, asserting that additional time was needed for discovery and that Jones did not object to the continuance. On March 11, 2022, the trial court granted Appellant's request and continued the trial until October 7, 2022. On August 25, 2022, after holding a case-management conference, the trial court entered an order scheduling the commencement of trial with jury selection beginning on October 6, 2022.

On September 6, 2022, Appellant filed a request for a continuance, asserting that it had come to the attention of both Appellant and Jones that the trial court allocated only four hours for the trial and that both parties felt the trial would last two days. In the motion for a continuance, Appellant stated that Jones agreed to the continuance. On September 15, 2022, the trial court granted the request and continued the trial until January 12, 2023.

On December 15, 2022, Jones filed a request for a continuance, stating that a defense expert was unavailable during the January 2023 trial term. Appellant agreed to the continuance. On December 20, 2022, the trial court granted the request and continued the trial until March 21, 2023. On March 23, 2023, the jury entered a verdict in favor of Appellant, and against Jones, in the amount of $225,000.00.

The record demonstrates that from July 13, 2021, until September 7, 2022, an award of delay damages was appropriate because, although Appellant agreed to a delay in the trial, the continuances were requested by Jones. Therefore, Appellant was not the sole cause of the trial delays during

- 13 -

this period of time. The trial was then continued until October 7, 2022, a period of 30 days, at the request of Appellant so additional discovery could occur. Jones, however, agreed to the request. Therefore, Appellant was not the sole cause of delay for the 30-day period from September 7, 2022, to October 7, 2022. **See Povrzenich**, 257 A.3d at 74 (stating that, a plaintiff's request for a continuance, seeking additional time for discovery in a complex case, does not *ipso facto* constitute a trial delay caused by the plaintiff, absent a finding that a plaintiff was not diligently proceeding with discovery).

On September 6, 2022, Appellant and Jones both agreed that the four-hour period allocated by the trial court was not adequate in which to conduct the trial, and the parties asked the trial court to continue the trial until such time that two days could be allocated for the trial. Thereafter, the trial was continued to January 12, 2023. This delay between October 7, 2022, and January 12, 2023, was due to an administrative scheduling conflict caused by the trial court's calendar in which adequate time to conduct a two-day trial was not available until January 2023. As such, this period of time is not excluded from the calculation of delay damages. **See Tindal v. Southeastern Pennsylvania Transp. Auth.**, 560 A.2d 183, 187 (Pa. Super. 1989) (stating, Rule 238 "does not permit the exclusion from the calculation of delay damages of periods of delay for which no party is responsible due to extraneous administrative concerns); **see also Tindall**, 970 A.2d at 1178 (stating that, periods of delay resulting from the actions of a defendant **or the**

**trial court system** are not excluded from the calculation of delay damages (emphasis added)).

Finally, on December 15, 2023, Jones requested a continuance because his expert witness was unavailable to appear at trial in January 2023. The trial court granted Jones' request, and the trial was continued until March 21, 2023. Thereafter, the jury returned a verdict on March 23, 2023.

Upon review, we discern that the trial court abused its discretion and erred as a matter of law in awarding delay damages in the amount of $9,458.00. Appellant was entitled to an award of delay damages from July 13, 2021, until March 23, 2023, because, as discussed *supra*, Appellant was not the sole cause of delay during this period.

Consequently, we affirm, in part, the May 25, 2023 amended judgment as it relates to compensatory damages in the amount of $225,316.75. This amended judgment in the amount of $225,316.75 remains a valid and enforceable judgment in favor of Appellant and against Jones. We vacate, in part, the May 25, 2023 amended judgment as it relates to delay damages in the amount of $9,458.00, and we vacate the trial court's May 25, 2023 order, awarding delay damages in the amount of $9,458.00. We remand this case in order that the trial court may calculate delay damages based upon this memorandum decision. Upon remand, and after calculation of delay damages, the trial court shall enter a separate judgment awarding delay damages.

Amended judgment affirmed, in part, and vacated, in part. Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>1/26/2024</u>